IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DENNIS J. DILLARD,**

       **Petitioner,**

  v.                           **CIVIL ACTION NO. 5:13cv128**
                                     **(Judge Stamp)**

**TERRY O'BRIEN,**
**USP HAZELTON,**
**STEVEN S. NEFF,**

       **Respondents.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 16, 2013, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner paid the $5.00 filing fee on September 24, 2013. This matter is pending for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On March 3, 2008, in the District Court for the Eastern District of Tennessee, the petitioner pleaded guilty, without the benefit of a plea agreement, to being a felon in possession of a firearm. On June 17, 2005, the petitioner was sentenced as an Armed Career Criminal to a term of 215 months imprisonment consecutive to any previous state or federal sentence, five years supervised release, and a $100.00 special assessment. The United States Court of Appeals for the Sixth Circuit affirmed the petitioner's conviction and sentence on December 5, 2006.

---

[1] The undersigned obtained the pertinent facts from review of the petitioner's criminal case available on PACER. See 1:02cr167 (U.S. District Court-Eastern District of Tennenssee (Chattanooga).

On March 30, 2007, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. The petitioner raised six claims against his counsel. Specifically, he alleged counsel was constitutionally ineffective for filing an <u>Anders</u> brief and failing to challenge several aspects of his sentence: (1) his 215 month sentence when his mandatory minimum was only 180 months; (2) he was denied a third point reduction for acceptance of responsibility; (3) his sentence was run consecutively to his state case; (4) he allegedly was not given proper jail credit for time he was incarcerated by the state prior to receiving the federal detainer case; (5) a conviction received subsequent to the date of the offense conduct in his federal case was used to enhance his sentence; and (6) the prior burglary conviction was erroneously relied upon to enhance his sentence in violation of his Sixth Amendment right to have facts that increase his sentence determined by a jury. On April 30, 2008, the petitioner's § 2255 motion was denied. Again, the petitioner appealed, and the Sixth Circuit ultimately denied his request for a certificate of appealability and dismissed his appeal.

On November 15, 2010, the petitioner filed a motion seeking relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He then filed two motions to amend after which the district court determined that the petitioner's Rule 60(b) motion was actually a second § 2255 petition and transferred it the Sixth Circuit. On January 19, 2012, the petitioner filed with the Sixth Circuit an application for authorization to file a second or successive § 2255 motion. The Government opposed the application, arguing that the petitioner was merely attempting to relitigate claims from his original § 2255 motion. Specifically, he contested the use of his prior conviction for burglarizing a business as a predicate offense for his armed career criminal classification and (2) the district court's decision to make his sentence for his federal conviction consecutive to his state sentence. On November 5, 2012, the Sixth Circuit denied the

petitioner's motion to file a second or successive section 2255 petition, finding that he did not meet the standard required by 28 U.S.C. § 2255(h).

On January 11, 2013, the petitioner filed yet another request with the Sixth Circuit seeking authorization to file a successive petition under 28 U.S.C. § 2255. The petitioner was attempting to contest his armed career classification by arguing that his prior conviction for burglarizing a business could not be considered a qualifying predicate offense in light of <u>Begay v. United States</u>, 553 U.S. 137 (2008), and <u>Chambers v. United States</u>, 555 U.S, 122 (2009). On July 3, 2013, the Sixth Circuit denied the petitioner's request. In so ruling, the Sixth Circuit found that the petitioner's reliance on <u>Begay</u> was misplaced, because it not create a new rule of constitutional law. Moreover, the Court found that <u>Chambers</u> did not provide any basis for the petitioner to file a second or successive motion

### III. <u>ISSUE PRESENTED</u>

In his pending §2241 motion, the petitioner seeks appointment of counsel and an order remanding his case back to the district court for re-sentencing without the 924(e) enhancement. In support of his request, the petitioner alleges that: (1) the indictment failed to charge a crime; (2) the indictment failed to show that the prosecution proved the three previous convictions arose out of a separate and distinct criminal episode; (3) an intervening change in law has rendered his conviction and sentence illegal; (4) his guilty plea was knowing or intelligently made.

After filing his petition, the petitioner has filed a succession of motions "attacking the indictment," or seeking to amend. With respect to the indictment, it appears that the petitioner is arguing that it did not charge him with a violation of the Armed Career Criminal Act ('ACCA")(18 U.S.C. § 924(e). In his Motions to Amend , the petitioner argues that <u>Begay</u> applies to his case (Docs. 16, 17); the government did not establish that his three previous

convictions arose out of separate and distinct episodes (Doc. 18); and the indictment failed to charge the essential elements of the substantive crime charged (Doc. 19)..

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 motion is used to attack the manner in which a sentence is executed. Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones

it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Here, to the extent that the petitioner appears to be challenging his indictment for a violation of 18 U.S.C. §§ 922(g) 922(f), it is clear that the petitioner cannot meet the savings clause because both these acts remain criminal violations. Moreover, to the extent the petitioner is challenging his sentence under the ACCA, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner cannot establish that the conduct for which he was actually convicted, being a convicted felon in possession of a firearm, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases): See also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner has failed to state a cognizable § 2241

claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## V. RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that the petitioner's pending motions (Docs. 6, 8, 10, 16, 17, 18, 19) be **DENIED** because they fail to establish any basis for granting relief under 28 U.S.C. § 2241.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 25, 2014.

                                                   /s/ James E. Seibert  
                                                   JAMES E. SEIBERT  
                                                   UNITED STATES MAGISTRATE JUDGE