IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS J. DILLARD,

    Petitioner,

v.                                         Civil Action No. 5:13CV128
                                                          (STAMP)

TERRY O'BRIEN, USP HAZELTON,
and STEVEN S. NEFF

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On September 24, 2012, the pro se[1] petitioner, Dennis J. Dillard, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] Through his petition, he seeks appointment of counsel and an order remanding his case back to the district court for re-sentencing. In support of this request, the petitioner asserts that: (1) the indictment failed to charge a crime; (2) the indictment failed to show that the prosecution proved the three previous convictions arose out of a separate and distinct criminal episode; (3) an intervening change in law has rendered his conviction and sentence illegal; and (4) his guilty plea was not

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2]At the time of filing, petitioner was an inmate at USP Hazelton. Petitioner is currently an inmate at USP Victorville.

knowingly or intelligently made. After filing the petition, petitioner filed motions entitled "pro se motion attacking the indictment" and motions to amend.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The petitioner thereafter filed multiple filings. First, petitioner filed what he entitled a notice of appeal, in which he asked why his petition was denied. This Court construes such filing as an objection to the report and recommendation. Second, he filed what he called a notice of appeal, but accompanied this notice with further dialogue explaining that he was in protective custody and asked this Court to appoint legal assistance. This Court construes such request a motion to appoint counsel. Finally, on April 14, 2014, petitioner filed what this Court construes as a motion for an extension to file objections, in which petitioner asks for this Court's guidance on how to file objections. See ECF No. 27.

As to petitioner's motion for an extension to file objections, this Court finds that granting such motion would be futile, as the petitioner cannot meet the requirements of the Jones test set out below. Therefore, that motion is denied. This Court will, however, review the report and recommendation de novo, as it construes petitioner's first post-report and recommendation filing as an objection to the report and recommendation in its entirety. For the reasons set forth below, based on such de novo review, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety and denies petitioner's motion to appoint counsel.

## II. Facts

On March 28, 2005, petitioner pled guilty to being a felon in possession of a firearm in the Eastern District of Tennessee. On June 17, 2005, the court sentenced the petitioner as an armed career criminal to a term of 215 months imprisonment to be served consecutively to any previous state or federal sentence and five years supervised release. On December 5, 2006, the Sixth Circuit affirmed the petitioner's conviction and sentence.

Thereafter, on March 30, 2007, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. The petitioner appealed this finding, and the Sixth Circuit denied petitioner's request for a certificate of appealability. Then on November 15, 2010, petitioner filed a motion seeking relief

3

pursuant to Rule 60(b)(6), which the district court determined to be a second § 2255 motion and transferred it to the Sixth Circuit. Then, on January 19, 2012, the petitioner filed an application with the Sixth Circuit to file a second or successive § 2255 motion. The Sixth Circuit denied petitioner's motion, finding that he did not meet the standard required under § 2255(h) to file a successive petition. On January 11, 2013, the petitioner again filed another request with the Sixth Circuit seeking authorization to file a successive petition under § 2255. The Sixth Circuit again denied petitioner's request, finding that petitioner did not provide a basis entitling petitioner to file a second or successive motion.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because this Court construes petitioner's recent filing as an objection to the entire report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### IV. Discussion

A. Motion to Appoint Counsel

Federal courts have discretion in civil cases to request an attorney to represent an indigent party. See 28 U.S.C. § 1915(e)(1). However, such an appointment may be made only where the indigent party has shown particular need or circumstances.

4

Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). After a review of the petitioner's § 2241 petition, this Court finds that the defendant has not shown a particular need, as the issues are not complex, and such issues can be decided based on the record before this Court, as illustrated below.

B.  28 U.S.C. § 2241 Petition

The magistrate judge's report and recommendation states that the petitioner failed to show that he is entitled to review under § 2241 because he has not satisfied the requirements set forth in In re Jones, 226, F.3d 328 (4th Cir. 2000) because the crime he was convicted of remains a criminal offense. Therefore, the magistrate judge concludes that because the petitioner attacks the validity of his conviction and sentence but fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Further, the magistrate found that to the extent that the petitioner is challenging his sentence under the ACCA, such a challenge is not cognizable in a § 2241 action. As stated above, the petitioner filed what this Court construes as an objection to the entire report and recommendation, stating that he did not understand why his petition was denied.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.

5

§ 2255(e)(the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

This Court agrees with the magistrate judge's finding that the petitioner has failed to establish the elements required by Jones. Specifically, 18 U.S.C. §§ 922(g) and 922(f), the substantive law under which the petitioner was convicted, has not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction.

Further, as the magistrate stated, to the extent that the petitioner is challenging his sentence under the ACCA, such a challenge, by itself, is not cognizable in a § 2241 action. The Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender)). As stated above, the crimes that the petitioner was actually convicted of remain criminal. Accordingly, the petitioner's § 2241 petition must be denied insomuch as it challenges only his sentence because such a challenge is not cognizable under § 2241 through the use of the savings clause.

C.  Motions Attacking Indictment and Motions to Amend

As to the petitioner's other motions filed prior to the report and recommendation being issued, the magistrate judge found that such motions should be denied because they fail to establish any basis for granting relief under § 2241. The first motions petitioner filed were entitled "pro se motion attacking the indictment." In these motions, petitioner seems to argue that the indictment did not charge him with a violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and therefore his

7

indictment was invalid. Petitioner's first motion to amend makes this argument as well. This argument was contained in the petition, as the magistrate judge stated, and as explained above, it does not provide a basis for granting relief under § 2241.

In petitioner's third and fourth motions to amend, petitioner asserts that Begay v. United States, 553 U.S. 137 (2008) applies to his case. Petitioner seems to assert that based on Begay, his prior conviction cannot be used as a qualifying predicate offense under the ACCA. As stated above, however, the use of the savings clause is confined to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Petty, 2012 WL 509852 at *2 (quoting Darden, 426 F. App'x at 174). Accordingly, these motions to amend do not establish a basis for granting relief under § 2241 and must be denied.

In petitioner's fourth and fifth motions to amend, petitioner again asserts that the government did not establish that his three previous convictions arose out of separate and distinct episodes and the indictment failed to charge the essential elements of the substantive crime charged. Both assertions were contained in petitioner's § 2241 petition, and for the reasons stated above, do not provide a basis for granting relief under § 2241. Accordingly, such motions must be denied.

V. Conclusion

8

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF No. 22) in its entirety. Accordingly, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. Further, petitioner's motions attacking the indictment (ECF Nos. 6 & 8), motions to amend (ECF Nos. 10, 16, 17, 18, 19), motion to appoint counsel (ECF No. 26), and motion for an extension (ECF No. 27) are DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 17, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE